UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VANESSA LONG LEWIS,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 2:15-cv-01534-RDP |
| | } |
| **IRS,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This matter is before the court on the United States' Motion to Dismiss (Doc. # 10), filed December 11, 2015.  Upon receiving the Motion, on December 11, 2105, the court instructed Plaintiff to respond to Defendant's Motion on or before December 29, 2015.  (Doc. # 11).  On December 29, 2015, Plaintiff filed a response which contained no further information, but merely a request to present her contentions to the court.  (Doc. # 12).

In her Complaint, Plaintiff seeks a refund or an abatement of a $3,659 tax assessment from the IRS based on her claim that her great-grandson was a qualifying dependent for the 2011 tax year. Her complaint also appears to seek to enjoin the IRS from collecting on the remaining balance of these income tax liabilities.  (Doc. # 1).  More specifically, Plaintiff claims she should have been allowed a dependency exemption for the child even though she candidly admits that her great-grandson did not live with her for the required time period of "more than six months." (Doc. # 1).  Nowhere in her Complaint does Plaintiff allege that she has paid the assessment (Doc. # 1), and Defendant has provided a certified copy of Plaintiff's IRS Account Transcript showing that a balance remains to be paid for her tax year 2011.  (Doc. # 10-1).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen*, 511 U.S. at 377.

The Internal Revenue Code § 7422 allows taxpayers to file civil actions for tax refunds. I.R.C. § 7422; *Galvez v. I.R.S.*, 448 F. App'x 880, 883 (11th Cir. 2011). However, "[b]efore the district court is allowed to hear such a suit, a taxpayer seeking a refund must pay the tax deficiency and file an administrative claim for a refund with the Secretary of the Treasury; if the claim is unsuccessful, the taxpayer may then file suit in the district court." *Galvez.*, 448 F. App'x at 884 (citing I.R.C. § 7422(a) and *Roberts v. Comm'r*, 175 F.3d 889, 895 (11th Cir. 1999)). Payment of the tax deficiency is an administrative exhaustion requirement. *Id.*

Here, the record clearly demonstrates that Plaintiff did not exhaust her administrative requirements under section 7422. Although the record demonstrates that Plaintiff filed an administrative claim, and that it was denied, there is no indication in the record that Plaintiff paid the taxes owed the IRS before filing suit. (Docs. # 1 and 10-1). "As such, the taxpayer[] failed to exhaust [her] administrative remedies under § 7422." *Galvez*, 448 F. App'x at 886 (addressing a similar record); *see also* I.R.C. § 7422(a). "If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund." *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1263–64 (11th Cir. 2006)

Because the record does not demonstrate that Plaintiff paid the taxes owed before filing suit, this court is without subject matter jurisdiction to hear this matter, and Defendant's Motion

to Dismiss is due to be granted.  *Galvez*, 448 F. App'x at 886; *Roberts*, 175 F.3d at 895; I.R.C. § 7422(a).

      A separate order will be entered.

      **DONE** and **ORDERED** this January 5, 2016.

                                                          _____
                                                          **R. DAVID PROCTOR**
                                                          UNITED STATES DISTRICT JUDGE